**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 10, 2023
Date Decided: September 15, 2023

Ryan D. Stottmann
Stephanie Rudolph
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

Raymond J. DiCamillo
Alexander M. Krischik
Richards, Layton & Finger
920 North King Street
Wilmington, Delaware 19801

Re: *Buescher v. Landsea Homes Corp.*, C.A. No. 2022-0815-SG

Dear Counsel:

This matter is a contract action, "aris[ing] out of the purchase by Defendants . . . of the Plaintiffs' interests"[1] in a Florida LLC. Plaintiffs seek a Declaratory Judgment that they are entitled to roughly $5 million held by the parties in escrow, purportedly for indemnification for losses that Defendants wrongly (per Plaintiffs) maintain they are due contractually. Plaintiffs also seek "specific performance" of a contractual duty on the part of Defendants to direct an escrow agent to release the funds at issue. It is the latter equitable relief, presumably, that caused the Plaintiffs to believe that subject matter jurisdiction exists in this court. Of course, the Court of Chancery is a court of limited jurisdiction; absent statutory jurisdiction not alleged

---

[1] Verified Compl. ¶ 1, Dkt. No. 1. ("Compl").

here, a matter must state an equitable claim or require equitable relief in order to invoke the jurisdiction of the court.[2] Our recent case law has suggested that jurisdiction based solely on a request for the aid of equity to recover funds in escrow is inadequate to invoke subject matter jurisdiction, where the availability of a declaratory judgment at law makes the need for injunctive relief unlikely.[3] Accordingly, I asked the parties to brief whether subject matter jurisdiction was present here.

The parties filed a joint brief on August 10, arguing that equitable jurisdiction is invoked.[4] They do not rely on the Plaintiffs' request for specific performance, however.[5] They contend that the Defendants' counterclaim provides a basis for jurisdiction because it states a cause of action for negligent misrepresentation—equitable fraud—in the inducement of the contracts at issue.[6] The counterclaims also seek to recover damages for breach of contract, "intentional misrepresentation," and fraud, all of which are claims for which relief is available at law.[7] The parties

---

[2] *See* 10 *Del. C.* §§ 341, 342.
[3] *See, e.g., ISS Facility Servs., Inc v. JanCo. FS 2, LLC*, 2023 WL 4096014 (Del. Ch. June 20, 2023). Of course, if special equities are present indicating a reasonable probability that declaratory judgment will be inadequate, or otherwise that equity should act, Chancery jurisdiction may be invoked. The parties, however, have not argued that such circumstances exist here.
[4] Parties' Joint Suppl. Submission on Subject Matter Jurisdiction, Dkt. No. 30.
[5] *Id. see* n.3, *supra.*
[6] *Id.* ¶ 3.
[7] Answer to Verified Compl. and Verified Countercl. ("Countercl.") ¶¶ 97–103, 111–126, Dkt. No. 11. The counterclaim also seeks a declaratory judgment.

2

contend that it is the equitable fraud claim that confers subject matter jurisdiction on the court.

Equitable fraud is similar to common law fraud, but dispenses with one element, knowing falsehood/reckless indifference to truth: mere negligence is sufficient to sustain a judgment.[8] The cause of action also imposes an element not required for legal fraud, however; a special equitable relationship between fraudster and the defrauded party.[9] This equitable-relationship element is at the heart of equitable fraud—it is the reason all fraud claims are not simply recast as easier-to-prove negligent misrepresentation claims. And it is the requirement that special equities be present that vests sole jurisdiction over such claims in this court of equity.[10]

The parties are thus correct that equitable jurisdiction is invoked by Defendants' counterclaims, but only if the negligent misrepresentation claim, as pled, is viable. If it is merely pretextual, I am without jurisdiction.

Count II of the counterclaims avers that Plaintiffs/sellers induced the Defendants/buyers to "execute the Purchase Agreement and close on the

---

[8] *See, e.g., Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 143–44 (Del. Ch. 2009) (discussing differences between equitable and legal fraud).

[9] *Id.* at 144 (citing *U.S. West, Inc. v. Time Warner, Inc.*, 1996 WL 307445, at *24 (Del. Ch. June 6, 1996)); *Envo, Inc. v. Walters*, 2009 WL 5173807 (Del. Ch. Dec. 30, 2009).

[10] *See Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *14 (Del. Ch. Dec. 22, 2010) (finding a special type of relationship necessary to state a claim for equitable fraud).

[t]ransaction"[11] by making representations that sellers knew were false or made with reckless indifference to the truth, *or* that they "failed to exercise reasonable care" in making the representations, causing the buyers to suffer damages.[12]  In other words, the Defendants allege that the representations fraudulently induced the contracts and/or breached them via misrepresentation, as alleged in other counts of the Counterclaim.  Count II differs from the legal counts in alleging, in the alternative, *negligent* misrepresentation.  Count II is entirely bare, however, of any pleading concerning a special relationship between buyers and sellers, who were *contractual counterparties,* and are not alleged to have been in an equitable relationship. Accordingly, Count II, to the extent it is intended to allege equitable, rather than legal, fraud, cannot sustain a claim.  Since the parties, in their joint submission, rely solely on the negligent misrepresentation claim in Count II to invoke subject matter jurisdiction, this Chancery action must be dismissed.[13]

Two brief issues remain.  The parties argue that litigation efficiencies support keeping this matter in Chancery, because they have progressed via discovery toward readying this matter for trial.  I am dubious of this argument, because the litigation effort described, I assume, will prove as useful in Superior Court as here; in any

---

[11] Countercl. ¶ 108.

[12] *Id.* ¶¶ 107–110.

[13] *See Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) (holding arguments not briefed are deemed waived).

4

event, since I am without jurisdiction, I have no discretion to exercise in favor of efficient litigation. Second, I have called reliance on equitable fraud to invoke Chancery jurisdiction here "pretextual." I consider that a term of art, referencing the pleading of a non-viable equitable claim as conferring jurisdiction; I in no way mean to convey that the specific performance claim or the negligent misrepresentation claim, or the arguments in the joint brief, were raised or argued in a bad-faith or disingenuous attempt to establish jurisdiction. I find the pleadings here a good-faith, if unsuccessful, attempt to maintain jurisdiction in this court. To the extent the term "pretextual" can be read as pejorative, such an understanding is unwarranted and unintended here.

For the foregoing reasons, this matter must be Dismissed, unless the parties apply for a transfer to Superior Court under 10 *Del. C.* § 1902.

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

5